IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
August 17, 2016
U.S. DISTRICT COURT
Northern District of WV

**DIANA MEY,**

    **Plaintiff,**

Civil Action No.: 5:16-cv-131 (Stamp)
(Ohio Co. Civ. Action No. 16-C-198)

v.

**MARC SPORN, INDIVIDUALLY;**
**DYLAN SPORN, INDIVIDUALLY;**
**AMERCO GROUP, INC.; GENTECH, LLC;**
**and MEDI BIOTECH, LLC,**

    **Defendants.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Marc Sporn, Dylan Sporn, Amerco Group, Inc., and Medi Biotech, LLC ("Medi") (collectively the "Sporn Defendants") by their counsel, Jared M. Tully, Nicholas J. Koch, and the law firm of Frost Brown Todd LLC, hereby files this Notice of Removal of that certain civil action filed in the Circuit Court of Ohio, West Virginia, styled *Diana Mey v. Marc Sporn, individually; Dylan Sporn, individually; Amerco Group, Inc.; Gentech, LLC; and Medi Biotech, LLC*, and bearing Civil Action No. 16-C-198.

## TIMELINESS OF REMOVAL

1. Plaintiff filed this civil action on or about June 30, 2016, in the Circuit Court of Ohio County, West Virginia, where it is designated on the docket of that court as Civil Action No. 16-C-198. Medi was served with the Summons and Complaint through the West Virginia Secretary of State's Office on July 7, 2016 and Medi received the Complaint on July 19, 2016.

2. In this action, Plaintiff asserts a claim under 47 U.S.C. § 227 ("TCPA") (Count II). Plaintiff also asserts claims under the West Virginia Consumer Credit Protection Act

1

("WVCCPA") (Count I); and the West Virginia Computer Crime and Abuse Act (WVCCAA) (Count III). Plaintiff also asserts a claim for common law invasion of privacy (Count IV).

3. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days from the date that defendant receives formal service of process. *See* Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

4. This notice of Removal is filed within thirty days of actual receipt of the Complaint by Medi. Therefore, this notice of removal has been filed timely pursuant to 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

**A. Removal Generally**

5. A party may remove an action from state to federal court for several reasons pursuant to 28 U.S.C. § 1441, including when "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

6. This Court has original jurisdiction of this action based on a federal question pursuant to 28 U.S.C. 1331 and 28 U.S.C. § 1441, respectively.

**B. Federal Question**

7. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Plaintiff's civil action plainly arises, in part, under a law of the United States (i.e., the Telephone Consumer Protection Act, 47 U.S.C. § 223 ("TCPA")). *See* Plaintiff's Complaint ¶¶1-5; 43.

9. Actions arising under the TCPA are actions arising under the laws of the United States for purposes of 28 U.S.C. § 1331. Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012); Bailey v. SLM Corporation, 2012 WL 1598059 (S.D. W.Va. 2012).

10. Plaintiff's Complaint actually cites 28 U.S.C. § 1331 as the basis of jurisdiction. *See* Plaintiff's Complaint at ¶18. Plaintiff is correct in asserting that 28 U.S.C. § 1331 provides the basis of jurisdiction in *this* Court, but incorrect in asserting that it provides a basis of jurisdiction in state court.

**C. Supplemental Jurisdiction**

11. Although there is complete diversity between the parties,[1] it is not clear that the amount in controversy exceeds $75,000 on the face of Plaintiff's Complaint.

12. In the event that this Court does not have original jurisdiction over the non-TCPA claims in the Complaint based on an insufficient amount in controversy, this Court would still have supplemental jurisdiction over the remaining, non-federal question claims.

13. Because a common nucleus of operative fact underlies all of Plaintiff's claims such that they are so "so related ... that they form part of the same case or controversy," 28 U.S.C. § 1367(a), this Court has jurisdiction to hear each count of the Complaint. *See* City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 118 S.Ct. 523, 529–30, 139 L.Ed.2d 525 (1997); Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir.1995); Sayre v. Potts, 32 F.Supp.2d 881, 889 (S.D.W.Va. Jan.8, 1999) (Goodwin, J); Clark v. Milam, 813 F.Supp. 431, 435 (S.D.W.Va.1993); Henderson v. Columbia Natural Res., 45 F. Supp. 2d 532, 535 (S.D.W. Va. 1999) aff'd, 211 F.3d 1264 (4th Cir. 2000).

---

[1] Plaintiff is a resident and citizen of West Virginia. Plaintiff's Complaint ¶9. Marc Sporn and Dylan Sporn are residents and citizens of Florida. Plaintiff's Complaint ¶¶10-11. Amerco Group, Inc. is a Florida corporation with its principal place of business in Florida. Plaintiff's Complaint ¶14. Medi Biotech, LLC is a Florida limited liability company with its principal business in Florida. Plaintiff's Complaint ¶16. None of Medi's members are citizens of West Virginia. Gentech, LLC is a California limited liability company with its principal place of business in California. Plaintiff's Complaint ¶17. None of Gentech, LLC's members are citizens of West Virginia.

## **FILING AND SERVICE OF NOTICE**

14. Copies of the process, pleadings, and orders filed in this action with the Clerk of the Circuit Court of Ohio County are filed herewith as **Exhibit A**.

15. A copy of this Notice of Removal is being filed in the Circuit Court of Ohio County, West Virginia.

16. A copy of this Notice of Removal is also being served on counsel of record for the Plaintiff as reflected in the attached Certificate of Service.

17. Gentech, LLC (the only remaining Defendant) consents to removal.  See Affidavit of Consent attached hereto as **Exhibit B.**

*/s/ Jared M. Tully*
Jared M. Tully (WVSB# 9444)
Frost Brown Todd LLC
Laidley Tower, Suite 401
500 Lee Street East
Charleston, WV 25301-3207
jtully@fbtlaw.com

Nicholas J. Koch (WVSB #10719)
Frost Brown Todd LLC
One PPG Place, Suite 2800
Pittsburgh, PA 15222
nkoch@fbtlaw.com
***Counsel for Marc Sporn, Dylan Sporn, Amerco Group, Inc. and Medi Biotech, LLC***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY**

    **Plaintiff,**                                          Civil Action No.: 5:16-cv-131
                                                                (Ohio Co. Civ. Action No. 16-C-198)

v.

**MARC SPORN, INDIVIDUALLY;**
**DYLAN SPORN, INDIVIDUALLY;**
**AMERCO GROUP, INC.; GENTECH, LLC;**
**And MEDI BIOTECH, LLC**

    **Defendants.**

## CERTIFICATE OF SERVICE

        I, Jared M. Tully, hereby certify that I have electronically filed the foregoing **NOTICE OF REMOVAL** this 17th day of August, 2016.  Parties may access this document through the Court's CM/ECF filing system:

Charles R. Pinkerton
Pinkerton Law Practice, PLLC
235 High Street, Suite 817
Morgantown, WV  26505

                                                                                */s/ Jared M. Tully*
                                                                                Jared M. Tully