CASE 16-C-198

DIANA MEY                    VS. MARC SPORN

LINE   DATE    ACTION

    1 06/30/16   COMPLAINT AND DEMAND FOR JURY TRIAL;MEMO;SUMMONS ID;RECEIPT
    2 07/20/16   SOS ACCEPTED SERVICE FOR MEDI BIOTECH ON 7/7/16
    3 07/20/16   SOS ACCEPTED SERVICE FOR AMERCO GROUP ON 7/7/16
    4 07/20/16   SOS ACCEPTED SERVICE FOR GENTECH GROUP ON 7/7/16
    5 07/20/16   R/S CMC ID TO DYLAN SPORN NO SIGNATURE NO DATE
    6 08/04/16   CM RETURNED ID TO MARC SPORN RETURNED UNCLAIMED

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**



**9214 8901 1251 3410 0001 1218 51**

MEDI BIOTECH LLC
701 PARK OF COMMERCE BLVD
SUITE 301
BOCA RATON, FL 33487

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

**Control Number:** 107553

**Defendant:** MEDI BIOTECH LLC
701 PARK OF COMMERCE BLVD
SUITE 301
BOCA RATON, FL 33487 US

**County:** Ohio

**Civil Action:** 16-C-198

**Certified Number:** 92148901125134100001121851

**Service Date:** 7/7/2016

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State

# IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

**DIANA MEY**

      Plaintiff,

                            Civil Action No.: 16-C-198

v.

**MARC SPORN, INDIVIDUALLY;**
**DYLAN SPORN, INDIVIDUALLY;**
**AMERCO GROUP, INC.; GENTECH, LLC; and**
**MEDI BIOTECH LLC,**

      Defendants.

**To the above-named Defendant Medi Biotech, LLC:**
Medi Biotech, LLC
701 Park Of Commerce Blvd, Suite 301
Boca Raton, FL 33487

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Charles R. Pinkerton, Attorney-at-Law**, plaintiff's attorney, whose address is **235 High Street, Suite 817, Morgantown, WV 26505**, an answer, including any related counterclaim you may have, to file the complaint if filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: ___6-30-16___

                                 _Brenda L. Miller_
                                 Clerk of Court



## CIVIL CASE INFORMATION STATEMENT
### CIVIL CASE

## In the Circuit Court of Ohio County, West Virginia

I. Case Style :

Plaintiff

Diana Mey

Case No: 16·C·198.

Judge Cuomo

vs.

Defendants

Type of Service

Marc Sporn
655 SE 1st Street,
Delray Beach, Florida, 33483

Certified/Restricted

Dylan Sporn
1092 Jeffrey Street
Boca Raton, Florida 33487

Certified/Restricted

Amerco Group, Inc.
4730 Boca Raton Blvd 2nd Floor
Boca Raton, FL 33431

Secretary of State

Gentech, LLC
1106 Second St.
Encinitas Ca 92024

Secretary of State

Medi Biotech, LLC
701 Park Of Commerce Blvd, Suite 301
Boca Raton, FL 33487

Secretary of State

Original and 6 copies of complaint furnished herewith.

PLAINTIFF:  DIANA MEY

CASE NUMBER:

DEFENDANTS:
MARC SPORN, INDIVIDUALLY;
DYLAN SPORN, INDIVIDUALLY;
AMERCO GROUP, INC., GENTECH, LLC; and
MEDI BIOTECH LLC.

II. Type of Case:
        civil

III. Jury Demand:
        Yes

    Case will be ready for trial by 7/2016.

IV. Do you or any of your clients or witnesses in this case require special accommodations due to a disability or age? No.

Attorney Name:  Charles R. Pinkerton

Representing:
        Plaintiff

Firm:  Pinkerton Law Practice, PLLC

Address: 235 High Street, Suite 817
        Morgantown, WV, 26505

Telephone: 304.933.2113

Signature

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

**DIANA MEY**

      **Plaintiff,**

                             Civil Action No.:

v.

**MARC SPORN, INDIVIDUALLY;**
**DYLAN SPORN, INDIVIDUALLY;**
**AMERCO GROUP, INC.; GENTECH, LLC; and**
**MEDI BIOTECH LLC,**

      **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

In 1991, Congress enacted the Telephone Consumer Protection Act of 1991, (hereinafter "TCPA"), to regulate telemarketing. Among other things, the TCPA prohibits telemarketers from calling cellular phones and residential numbers registered with on the National Do Not Call List, using an autodialer and/or leaving re-recorded messages, without prior express consent.

Per the TCPA, businesses that place calls to prohibited numbers, as well as businesses on whose behalf the calls are made, are liable for violating the Act.

This action arises out of the facts and circumstances surrounding telemarketing calls made to the Plaintiffs' cellular phones.  Here, Defendants' colluded to initiate telemarketing campaigns to Plaintiff that she neither wanted nor needed, and placed calls to Plaintiff's wireless number, using an autodialer, and without express consent. Defendants Marc Sporn and Dylan Sporn can be held liable under the law because

9

individuals acting on behalf of a corporation may be held personally liable for violations of 47 U.S.C. 227(d) if they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." and, as a matter of public record, Defendants Marc Sporn and Dylan Sporn have been personally subject to Court orders and directives in similar matters.

Plaintiff institutes this action individually for statutory damages against the Defendants and the costs of this action against Defendants for violations of the Telephone Consumer Protection Act 47 U.S.C. 227 et seq, and the West Virginia Credit and Consumer Protection Act (hereinafter "WVCCPA") §46A-1-101 et seq.

## II. STATUTORY STRUCTURE *TCPA*

1. The *Telephone Consumer Protection Act, 47 U.S.C. 227* ("*TCPA*") amended the *Federal Communications Act 47 U.S.C. 151, et seq. ("FCA")* to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

2. Under the *TCPA* "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

   (B) to dial such numbers.  See, *47 U.S.C. 227 (a)(1)*.

3. Under the *TCPA*, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice

message to any telephone number registered on the National Do Not Call List, assigned to the a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

4. Under the *TCPA*, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

        (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

        (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

        (C) both such actions.

5. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 *U.S.C.  227 (b)(3).*

### III. STATUTORY STRUCTURE *WVCCPA*

6. The West Virginia Consumer and Credit Protection Act incorporates elements of the Uniform Consumer Credit Code, the National Consumer Act, and other West Virginia statutes. *Cadillac v. Tuscarora Land Co.,* 412 S.E. 792, 794 (W. Va 1991). The WVCCPA addresses telemarketing solicitations, among other consumer issues.

7. Under the WVCCPA, it is unlawful for a telemarketer to initiate an outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the telemarketer whose goods or services are being offered.  See, *W. Va. Code* §46A-6F-601(3).

8. Under the WVCCPA, a person or entity may bring in an action in an appropriate court of that State:

   a. an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   b. an action to recover actual monetary loss from such a violation, and in addition, a right to recover from the violator a penalty in the amount of not less than $300 and not more than $3,000.  *W. Va. Code* §46A-6F-701(a),

   c. in any action brought under this article where damages are awarded to a consumer, the court may adjust the damages to account for inflation from the first day of July, 1998. To the time of the award of damages, in an amount determined by the application of data from the consumer price index.  Consumer price index means the last consumer price index for all consumers published by the United States department of labor. *W. Va. Code* §46A-6F-701(e),

   d. all such actions.

12

## IV. PARTIES, JURISDICTION, AND VENUE

Plaintiff sues Defendant and further alleges as follows:

9.  Plaintiff Diana Mey is a resident of Ohio County, West Virginia and domiciled therein.

10. Defendant Marc Sporn is a resident of 655 SE 1st Street, Delray Beach, Florida, 33483.

11. Defendant Dylan Sporn is a resident of 1092 Jeffrey Street, Boca Raton, Florida 33487.

12. Defendant Dylan Sporn is the President of Amerco Group, Inc.

13. Defendant Marc Sporn is an officer for Amerco Group, Inc and owner of Medibiotech.

14. Amerco Group, Inc. is foreign for-profit company with a principal place of business at 4730 Boca Raton Blvd 2nd Floor Boca Raton, FL 33431, and doing business in Ohio County, WV.  Material events occurred in Ohio County, West Virginia with respect to the Plaintiff.

15. AdvocateAssistance.com (a product of Amerco Group, Inc.) is a foreign for-profit website, doing business in Ohio County, WV.  Material events occurred in Ohio County, West Virginia with respect to the Plaintiff.

16. Medi Biotech, LLC is a foreign for-profit company with a principal place of business at 701 Park Of Commerce Blvd, Suite 301, Boca Raton, FL 33487, and doing business in Ohio County, WV.  Material events occurred in Ohio County, West Virginia with respect to the Plaintiff.

13

17. Gentech, LLC is a foreign for-profit company with a principal place of business at 1106 Second St., Encinitas Ca 92024, and doing business in Ohio County, WV. Material events occurred in Ohio County, West Virginia with respect to the Plaintiff.

18. Jurisdiction is conferred on this Court by 28 U.S.C. 1331,

19. Venue is this Court is proper in that the Defendant transacts business here and the conduct underlying the complaint occurred in Ohio County, West Virginia.

## V. ALLEGATIONS

20. Plaintiff was assigned cellular number ending in 1943 and 7346 by her cell phone provider.

21. Plaintiff's cellular phones has been continuously registered on the National Do Not Call Registry.

22. Plaintiff has no prior business relationship with Defendants.

23. Plaintiff did not sign up for an account with or for Defendants, or though Defendants' agents or affiliates.

24. Plaintiff never gave Defendants, Defendant's agent or affiliates, express or other consent to be called with an ATDS.

25. Defendants called Plaintiff repeatedly with an ATDS to the Plaintiff's cell phone even when that phone number has been continuously listed on the Do Not Call Registry.

26. Defendant used a computer system and ATDS machine to place calls messages on Plaintiff's cellular phone.

27. Plaintiff is a consumer.

14

28. On 8/7/13 at 7:49 PM, Mrs. Mey received a call from AdvocatesAssistance.com from 615-667-5029 to 1943.  Representative "Denise" stated she was calling from Charleston, WV, but that the corporate office was in Boca Raton, FL.  Rep stated they used an autodialer.

29. On 8/8/13 at 11:05 AM, Mrs. Mey received a call from AdvocatesAssociates.com from 800-517-4926 to 1943.  This call was from the same Representative as the prior day, but ended the call upon reaching Mrs. Mey's answering service.

30. On 8/8/13 at 12:44 PM, Mrs. Mey received a call from Denise of AdvocatesAssistance.com from 800-517-4926 to 1943.  Denise ends the call prematurely.

31. On 8/8/13 at 1:13 PM, Mrs. Mey calls Denise at 800-736-156.  Denise give Mrs. Mey the following website:  advocateassistance.com.

32. On 6/5/14 at 3:31 PM, Mrs. Mey received a call from Medibiotech from 404-666-4285.

33. On 8/13/14 at 7:55 PM, Mrs. Mey received a call from Medibiotech from 607-203-5653.  Medibiotech employs and IVR, "Emily," to leave a prerecorded message.

34. On 3/31/15 at 10:19 AM, Mrs. Mey received a call from from 951-379-5056, which employs and IVR, "Kathy Parker," to leave a prerecorded message. "Kathy Parker" transfers my client to Gentechrx.

35. On 4/3/15 at 11:11 AM, Mrs. Mey received a call from from 855-649-4650 from "Mike" of Gentech RX Pharmacy.

36. On 4/28/15 at 1:06 PM, Mrs. Mey received a call from from 304-228-1306 from "Matthew James" who states he works for MediBiotech. "Matthew James" transfers Mrs. Mey to "Jeff" an eligibility specialist of Gentech RX Pharmacy.

37. Defendant made telephone solicitations to Plaintiff on at least nine separate occasions by initiating calls to Plaintiff with the intent and purpose of selling consumer services. *W. Va. Code* §46A-6F-112.

38. Defendants are telemarketers. *W. Va. Code* §46A-6F-113.

39. Defendants are not "telemarketers in good standing" as defined by *W. Va. Code* §46A-6F-114, and in the last two years has violated consumer protection laws and telemarketing laws.

40. By calling a number registered with the National Do Not Call Registry, Defendant caused a telephone to ring repeatedly and continuously, with intent to annoy, abuse, oppress or threaten Plaintiff.

## VI. COUNT ONE

### (Violations of the West Virginia Consumer Credit and Protection Act)

41. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

42. The Defendants have engaged in repeated violations of the WVCCPA, including but not limited to:

    a. Engaging Plaintiff repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive, or harassing in violation of *W. Va. Code* §46A-6F-601(2);

    b. Initiating an outbound telephone call to Plaintiff when Plaintiff had previously stated that she did not wish to receive outbound telephone calls

16

made by or on behalf of the telemarketer whose goods or services were being offered in violation of *W. Va. Code* §46A-6F-601(3);

c. Engage in any other unfair or deceptive conduct which will create a likelihood of confusion or misunderstanding to any reasonable consumer in violation of *W. Va. Code* §46A-6F-501;

d. Using a computer, with the intent to harass or abuse the Plaintiff, and to make contact with the Plaintiff after being requested by the Plaintiff to desist in violation of *W. Va. Code* §61-3C-14(a).

## VII. COUNT TWO

### (Violations of the Telephone Consumer Protection Act)

43. Plaintiff repeats, re-allege, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the *TCPA* include, but are not limited to, the following:

e. The actions of the Defendants individually and collectively violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an ATDS or artificial or prerecorded voice without the express permission of the Plaintiff.

f. Alternatively, Defendants has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an ATDS or artificial or prerecorded voice after the Plaintiff revoked any permission of the Defendants to place such calls.

g. The foregoing violations of the *TCPA* were committed willfully or knowingly by the Defendant or its agents.

17

h.  Plaintiff's privacy was invaded by Defendants;

i.  Plaintiff was harassed and abused by Defendants' telephone calls;

j.  Defendants' calls upset Plaintiff emotionally;

k.   Plaintiff's cell phone was unavailable for use while processing the illegal calls from Defendants;

l.  Defendants illegally sized Plaintiff's cellular telephone line while they made illegal calls to Plaintiff's cellular telephone;

m. Plaintiff's cellular telephone line was occupied by multiple unauthorized calls from Defendants;

n.  Defendants' seizure of Plaintiff's cellular telephone line was intrusive; and

o.  Plaintiff was inconvenienced by, among other things, hearing her cell phone ring, having to check the calling party and having to delete messages left by Defendants;

p.  As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## VIII. COUNT THREE

### (Violations of the West Virginia Computer Crime and Abuse Act)

44.  The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

45. The Plaintiff is a "person" as defined by *W. Va. Code* §61-3C-3(n) as Plaintiff is a "natural person."

46. Each Defendant is a "person" as defined by *W. Va. Code* §6l-3C-3(n), as Defendant is a natural person, or a "limited partnership, trust association or corporation."

18

47. Defendants, with the intent to harass, used an "electronic communication device" as defined by *W. Va. Code* §61-3C-14(a) to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff in violation of *W. Va. Code* §61-3C-14a(a)(2).

48. The Plaintiff, as a result of this contact by Defendants, was injured by these violations of the WVCCAA as set forth above, and is entitled to civil relief in court.

49. Plaintiff seeks compensatory damages for injuries as provided by *W. Va. Code* §61-3C-16(a)(1) and punitive damages pursuant to *W. Va. Code* §61-3C-16(a)(2).

50. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## VII. COUNT FOUR

### (Common Law Invasion of Privacy)

51. Plaintiff repeats, re-allege, and incorporates by reference the foregoing paragraphs. The Defendants' violations include, but are not limited to, the following:

    a.  The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls. The acts of the Defendants in placing telephone calls to Plaintiff s telephone number invaded, damaged and harmed Plaintiff s right of privacy.

    b.  As a result of the Defendants' actions, the Plaintiff suffered emotional distress.

19

c. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## IX. RELIEF SOUGHT

Plaintiff requests the following relief:

52. That Defendants be restrained from engaging in future telemarketing and other violations of the TCPA, WVCCPA, and the WVCCAA.

53. That Defendants, their agents, and anyone acting on their behalf, be immediately restrained from altering, deleting, or destroying any documents or records relating to this matter.

54. That Plaintiff be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

55. That Plaintiff be awarded full statutory damages for each violation of the WVCCP and attorney fees.

56. Statutory damages in the maximum amount authorized by *W. Va. Code* §46A-6F-701(a), and as adjusted for inflation pursuant to *W. Va. Code* §46A-6F-701(e) for all such violations that occurred up to the date and time of the filing of this complaint;

57. The Plaintiff be granted actual, general, compensatory, and punitive damages for Defendants' conduct.

**WHEREFORE**, Plaintiff seeks judgment against Defendants for actual, general, compensatory, and punitive damages and statutory damages, reasonable attorney fees and costs, injunctive relief, and such other and further relief that the Court deems just and proper.

**CHARLES R. PINKERTON**
**Counsel**

*/s/Charles Pinkerton*

Charles R. Pinkerton (WV Bar No. 12249)
Pinkerton Law Practice, PLLC
235 High Street, Suite 817
Morgantown, WV 26505
P: 304.933.2113
F: 304.933.2108

21